825 F.2d 406
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jean Ellen ELLIS, Ernest Ralph Ellis, Plaintiff--Appellant,
v.
UNITED STATES NAVY, Defendant--Appellee.
 No. 87-1005
 United States Court of Appeals, Fourth Circuit.
 Submitted May 19, 1987.
Decided July 27, 1987.
 
 Jean Ellen Ellis, Ernest Ralph Ellis, appellants pro se.
 William Anthony Kolibash, United States Attorney, for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ernest Ralph Ellis and Jean Ellen Ellis brought suit against the United States Navy in an effort to compel the Navy to (1) upgrade Ellis' discharge status from a general administrative discharge to an honorable discharge, (2) expunge his court-martial conviction from his military record, (3) change, in his record, the reason given for his discharge, and (4) declare void two articles of the Bureau of Naval Personnel Manual. The district court dismissed Ellis' suit for failure to state a claim upon which relief can be granted. We affirm the judgment of the district court.
 
 
 2
 The Constitution provides servicemen protection from arbitrary or unfair administrative discharges. Correa v. Clayton, 563 F.2d 396, 399 (9th Cir. 1977). However, as a general rule a court does not review internal military affairs where there is no alleged deprivation of a constitutional right or an allegation that the military has violated an applicable statute or its own regulations. Rucker v. Secretary of the Army, 702 F.2d 966, 969 (11th Cir. 1983); Adkins v. United States Navy, 507 F. Supp. 891, 898 (S.D.Tex. 1981).
 
 
 3
 Ellis alleges here that his summary court-martial did not afford him the opportunity to present mitigating factors to explain his two prolonged unauthorized absences. However, the record shows that he did offer his explanation--that he had gone home to help his family and that he was innocent of the charge against him because this was an 'authorized' use of his time.
 
 
 4
 Ellis claims that his military counsel was ineffective in that he did not present witnesses and a mitigation defense. He also claims that Navy regulations were violated in that he was given insufficient notice of the charges and insufficient time to consult counsel. Ellis was informed of the charge and did present a defense, however. Moreover, in an informal summary court-martial proceeding, there is no right to counsel at all, though Ellis was provided with a military attorney. Middendorf v. Henry, 425 U.S. 25, 32 (1976). The record does not bear out Ellis' claim that Navy regulations were violated and no constitutional violations are apparent.
 
 
 5
 Therefore, we deny appointment of counsel, dispense with oral argument because the dispositive issues have recently been decided authoritatively, and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.